UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
:
DANIEL B. MCGROARTY,                                      :
                                                          :
               Petitioner,                               : Case No.
                                                          :
      -against-                                          : **PETITION TO CONFIRM AN**
                                                          : **ARBITRATION AWARD**
U.S. RARE EARTHS, INC.,                                   : **PURSUANT TO 9 U.S.C. § 9**
                                                          :
               Respondent.                               :
                                                          :
----------------------------------------------------------X

       Petitioner Daniel B. McGroarty, by his attorneys Loeb & Loeb LLP, for his Petition to Confirm An Arbitration Award pursuant to 9 U.S.C. § 9, alleges as follows:

## PARTIES

       1.    Petitioner Daniel B. McGroarty ("McGroarty") is an individual who resides in and is domiciled in the state of Maryland.

       2.    Upon information and belief, Respondent U.S. Rare Earths, Inc. ("USRE") is a Nevada corporation with its principal place of business at 5600 Tennyson Parkway, Suite 240, Plano, Texas, 75024.

## JURISDICTION AND VENUE

       3.    This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332, as there is complete diversity between the parties, and the amount in controversy exceeds $75,000.

       4.    The parties consented to the personal jurisdiction of this Court pursuant to the Settlement Agreement and General Release dated September 15, 2014 (the "Settlement

Agreement"). A true and correct copy of the Settlement Agreement is attached as Exhibit A hereto.

5. Venue in the Southern District of New York is proper according to the terms of paragraph 12 the Settlement Agreement (Ex. A at p. 5) and pursuant to Section 9 of the Federal Arbitration Act ("FAA") (9 U.S.C. § 9). *See also* American Arbitration Association Employment Rule 42(c) ("Parties to these procedures shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction.").

## INTRODUCTION

6. McGroarty seeks an Order (A) confirming the final award in *Daniel B. McGroarty v. U.S. Rare Earths, Inc.* (American Arbitration Association, Employment Arbitration Tribunal, Case No. 01-14-0002-1632) (the "Arbitration") and (B) granting judgment in favor of McGroarty, in accordance with the Final Award dated March 30, 2016 issued in the Arbitration, in the total amount of $754,539.26, representing the sum of (i) $653,574.53 in damages; (ii) $90,072.53 in attorneys' fees incurred in connection with the Arbitration; (iii) $7,492.20 in costs incurred in connection with the Arbitration; and (iv) $3,400 in additional arbitration fees and compensation of the Arbitrator.

7. As described in detail below, Arbitrator Alfred G. Feliu awarded to McGroarty the monetary relief described above. A true and correct copy of Arbitrator Feliu's Final Award (the "Final Award") is attached as Exhibit B hereto.

**BACKGROUND**

8.  McGroarty was an employee of USRE, and served as its President, from January 1, 2012 until July 31, 2013. (Ex. A at p. 1). At the time McGroarty entered into the Settlement Agreement on September 15, 2014, he was the owner of 800,000 shares of USRE's common stock. (*Id.*).

9.  In the Settlement Agreement, USRE promised to repurchase 200,000 of McGroarty's shares of USRE's common stock in two installments, and at a specified price, on dates certain (September 22, 2014 and October 15, 2014, respectively). (*Id.* ¶ 1). USRE further agreed that, in the event that either of the two scheduled repurchases did not occur, it would issue an opinion letter to its transfer agent to facilitate the removal of the restrictive legend on all of McGroarty's remaining shares, thereby permitting him to sell his shares on the open market. (*Id.* ¶ 4(b)).

10. USRE failed to purchase 200,000 of McGroarty's remaining shares on the agreed-upon dates and then refused to issue an opinion letter instructing its transfer agent to remove the restrictive legend from 600,000 of his 800,000 remaining shares.

11. On December 11, 2014, McGroarty initiated an arbitration proceeding before the American Arbitration Association ("AAA"), pursuant to the rules of the AAA for employment disputes, to recover damages for breach of the Settlement Agreement.

12. On December 23, 2015, McGroarty moved for summary disposition of his claim and sought an award of damages in the amount of $653,574.53. In his motion, McGroarty also sought an award of his reasonable attorneys' fees and costs incurred in prosecuting the Arbitration on the basis of the Settlement Agreement itself, which provides for an award of such fees and costs where an arbitrator (or a court of law or other adjudicative body) finds that a party

to the Settlement Agreement has violated the Settlement Agreement.  (*See* Ex. A ¶ 12).  USRE did not submit any papers in opposition to McGroarty's motion.

13. Based upon McGroarty's written submissions, Arbitrator Feliu rendered a Partial Final Award in favor of McGroarty on February 8, 2016, a true and correct copy of which is attached as Exhibit C hereto.  Based on McGroarty's subsequent application for attorneys' fees and costs, on March 30, 2016, Arbitrator Feliu rendered the Final Award in favor of McGroarty.

14. Under the Final Award, USRE is obligated to pay McGroarty $754,539.26, representing the sum of (i) $653,574.53 in damages; (ii) $90,072.53 in attorneys' fees incurred in connection with the Arbitration; (iii) $7,492.20 in costs incurred in connection with the Arbitration; and (iv) $3,400 in additional arbitration fees and compensation of the Arbitrator.  (*See* Ex. B).

15. The Final Award was delivered to the parties via e-mail from AAA Manager of ADR Services Michele Gomez, at the direction of Arbitrator Feliu, on March 30, 2016.  A true and correct copy of the cover e-mail from Ms. Gomez is attached as Exhibit D hereto.

16. The Final Award was not a product of corruption, fraud, partiality, or undue means, and is not subject to any of the grounds for vacatur set forth under 9 U.S.C. § 10.

17. This Petition is filed within one year of the Final Award's issuance.

18. To date, USRE has not voluntarily satisfied the Final Award.

**WHEREFORE**, Petitioner prays that this Court issue an Order:

1. Confirming the March 30, 2016 Final Award entered in the Arbitration (Exhibit B hereto);

2. Directing that judgment be entered in favor of Petitioner Daniel B. McGroarty, and against Respondent U.S. Rare Earths, Inc., in the amount of $754,539.26; and

3. Granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 11, 2016

                Respectfully submitted,

                LOEB & LOEB LLP

                By:    */s/ Christian D. Carbone*
                        Christian D. Carbone (CC-6502)
                        Sarah Schacter (SS-0617)
                        345 Park Avenue
                        New York, New York 10154-0037
                        (212) 407-4000
                        Fax: (212) 407-4990
                        *Attorneys for Petitioner*
                        *Daniel B. McGroarty*