```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
  DANIEL B. MCGROARTY,                         :
                                               :
                                               :
                               Petitioner,     :       1:16-cv-2687-GHW
                                               :
                -v -                           :       MEMORANDUM OPINION
                                               :             AND ORDER
  U.S. RARE EARTHS, INC.,                      :
                                               :
                               Respondent.     :
                                               :
----------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/23/16

GREGORY H. WOODS, District Judge:

## I.     INTRODUCTION

Petitioner Daniel B. McGroarty ("Petitioner") seeks to confirm an arbitration award obtained against U.S. Rare Earths, Inc. ("USRE" or "Respondent") pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9. Although the petition was properly served, Respondent has not opposed the petition nor otherwise appeared in this action. For the following reasons, the award is CONFIRMED.

## II.    BACKGROUND

On September 15, 2014, Petitioner and Respondent entered into a settlement agreement in connection with Petitioner's resignation from USRE. *See* Dkt No. 1, Ex. A ("Settlement Agreement"). In the Settlement Agreement, Respondent agreed to purchase 200,000 shares of Petitioner's USRE stock—50,000 by September 22, 2014 at a price of $1.10 per share, and 150,000 by October 15, 2014 at a price of $1.10 per share. *Id.* ¶ 1. Respondent had a "cure period" of 7 days if it failed to purchase the stock as scheduled. *Id.* ¶ 9. The Settlement Agreement also provided that, if Respondent failed to purchase the stock within the cure period, it had two business days to "issue an opinion letter to its transfer agent to facilitate the removal of the restrictive legend on

McGroarty's remaining stock and the reissuance of new stock certificates without the restrictive legend." *Id.* ¶ 4(b). The Petition explains that removal of the restrictive legend would permit Petitioner to sell his shares on the open market. Petition to Confirm Arbitration Award, Dkt. No. 1, ¶ 9 ("Pet.").

The Petition alleges that USRE "failed to purchase 200,000 of [Petitioner's] remaining shares on the agreed-upon dates and then refused to issue an opinion letter instructing its transfer agent to remove the restrictive legend from 600,000 of his 800,000 remaining shares." *Id.* ¶ 10. On December 11, 2014, Petitioner initiated an arbitration proceeding before the American Arbitration Association ("AAA") to recover damages for breach of the Settlement Agreement. *Id.* ¶ 11. On December 23, 2015, Petitioner moved for summary disposition of his claim and sought an award of $653,574.53 in damages. *Id.* ¶ 12. He also sought an award of reasonable attorneys' fees and costs on the basis of the Settlement Agreement itself, which provides "should either party be found by a court of law, arbitrator, or other adjudicative body to have violated this Agreement, the breaching party shall be required to pay the reasonable attorneys' fees and costs expended by the other party in seeking to enforce this agreement." *Id.*; *see* Settlement Agreement ¶ 12.

On February 8, 2016, Arbitrator Alfred G. Feliu rendered a Partial Final Award in favor of Petitioner. Dkt No. 1-3 ("Partial Final Award"). After Petitioner submitted an application for attorneys' fees and costs, Arbitrator Feliu rendered a Final Award in favor of Petitioner on March 30, 2016. Dkt No. 1-2 ("Final Award"). First, Arbitrator Feliu determined that Respondent owed Petitioner $653,574.53 because it "fail[ed] to issue the opinion letter as to all of McGroarty's shares by October 3, 2014 as required by the Agreement," which "resulted in McGroarty's inability to sell those shares." Partial Final Award at 4; Final Award ¶ 1. Second, Arbitrator Feliu reduced Petitioner's requested attorneys' fees of $128,280.89 to $90,072.53. Final Award ¶¶ 2–7. Third, Arbitrator Feliu awarded Petitioner $7,492.20 for "the costs of the arbitration, for litigation support

services, and miscellaneous other costs." *Id.* ¶¶ 2, 7.  Finally, Arbitrator Feliu determined that $6,800 in AAA fees and the $15,037.50 arbitrator compensation fee were to be shared equally by the parties.  *Id.* ¶ 8.  Consequently, Respondent owed Petitioner $3,400, which represented the portion of fees in excess of the apportioned costs previously incurred by Petitioner.  *Id.*  The Petition alleges that to date, Respondent has not voluntarily satisfied the Final Award.  Pet. ¶ 18.

On April 11, 2016, Petitioner filed this petition to confirm the arbitration award.  Petitioner requests confirmation of the arbitration award and entry of a judgment in the amount of $754,539.26, representing the sum of (i) $653,574.53 in damages; (ii) $90,072.53 in attorneys' fees incurred in connection with the arbitration; (iii) $7,492.20 in costs incurred in connection with the arbitration; and (iv) $3,400 in additional arbitration fees and compensation of the arbitrator.

### III. ANALYSIS

#### A. Jurisdiction

"The FAA does not independently confer subject matter jurisdiction on the federal courts" and consequently, "there must be an independent basis of jurisdiction before a district court may entertain petitions to confirm or vacate an award under the FAA." *Scandinavian Reinsurance Co. Ltd. v. Saint Paul Fire and Marine Ins. Co.*, 668 F.3d 60, 71 (2d Cir. 2012) (internal citations, quotation marks and alterations omitted).  In the petition, Petitioner invokes the Court's diversity jurisdiction.  Pet. ¶ 3.  In order for diversity jurisdiction to exist, there must be complete diversity between the parties, and the amount in controversy must be greater than $75,000.  28 U.S.C. § 1332(a).  Here, the uncontroverted allegations in the petition aver that Petitioner is domiciled in Maryland, while Respondent is a Nevada corporation with its principal place of business in Texas.  Pet. ¶¶ 1-2.  A corporation is "considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012) (citing 28 U.S.C. § 1332(c)(1)).  As a result, the parties are diverse.

The petition also alleges that the amount in controversy in this matter exceeds $75,000.  Pet. ¶ 3.  Accordingly, the Court concludes that it has subject matter jurisdiction to entertain the petition pursuant to 28 U.S.C. § 1332.

### B. Discussion

Under Section 9 of the FAA, "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award." 9 U.S.C. § 9.  Section 9 further provides that "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." *Id.*; *accord Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 583 (2008) ("Under the terms of § 9, a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11.").  Here, Petitioner's agreement with Respondent provided that "[a]ny disputes arising under this Agreement shall be subject to binding arbitration under the rules of the American Arbitration Association for employment disputes."  Settlement Agreement ¶ 12.  "It is well-settled that where the parties agree to a clause providing for the settlement of controversies by arbitration pursuant to the Rules of the American Arbitration Association, the AAA rules are incorporated into the agreement, and, as a result, the parties, have, in fact, consented to judicial confirmation." *Sierra v. Bally Total Fitness Corp.*, No. 06-cv-01688 (ENV) (MDG), 2007 WL 1028937, at *9 (E.D.N.Y. Mar. 30, 2007) (citations omitted).

It is also "well-settled that judicial review of an arbitration award is narrowly limited." *Barbier v. Shearson Lehman Hutton Inc.*, 948 F.2d 117, 120 (2d Cir. 1991); *see also D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) ("Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the

court[.]") (internal quotation marks and citation omitted). Under 9 U.S.C. § 10, an award may be vacated only under one of the following four circumstances:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). In addition to the grounds for vacatur specified in § 10(a), there is a fifth, "judicially-created ground, namely that an arbitral decision may be vacated when an arbitrator has exhibited a manifest disregard of law." *Jock v. Sterling Jewelers Inc.*, 646 F.3d 113, 121 (2d Cir. 2011) (citations and internal quotation marks omitted). Under the FAA, courts may modify an award under the following three circumstances:

> (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
> (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
> (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C. § 11.

When a petition to confirm an arbitration award is unopposed, courts should generally treat "the petition and accompanying record . . . as akin to a motion for summary judgment based on the movant's submissions" *D.H. Blair*, 462 F.3d at 109. Thus, like unopposed summary judgment motions, unopposed confirmation petitions "must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." *Id.* at 110 (internal quotation marks omitted).

Here, there is no indication that the arbitrator's award was procured through fraud, dishonesty, or manifest disregard of the law, or that any other bases for vacating or modifying the award exist. Rather, the record demonstrates that the award is based on undisputed evidence that Respondent failed to purchase Petitioner's shares of stock or issue an opinion letter, in violation of the Settlement Agreement. Accordingly, the award must be confirmed.

### IV. CONCLUSION

For the reasons stated above, Petitioner's request to confirm the arbitration award is GRANTED. The Clerk of Court is directed to enter judgment in favor of Petitioner and against Respondent in the amount of $754,539.26 and to close this case.

Petitioner is directed to serve Respondent with a copy of this order and to retain proof of service.

SO ORDERED.

Dated: September 23, 2016  
New York, New York

GREGORY H. WOODS  
United States District Judge